IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  vs.<br><br>KIENAN C. DIETRICH,<br><br>    Defendant. | 4:13CR3087<br><br>MEMORANDUM AND ORDER |

    This matter is before the court on the defendant's objections, Filing No. 51, to the findings and recommendation (F&R) of the magistrate judge, Filing Nos. 45 and 48. The defendant is representing himself in this case. The defendant is charged in a two-count Indictment—in Count I with conspiracy to possess with intent to distribute less than 50 kilograms of marijuana in violation of 21 U.S.C. § 846, and in Count II with being an unlawful user of a controlled substance while in possession of firearms in violation of 18 U.S.C. § 922(g)(3). There is also a forfeiture count in the amount of $15,109.00 in violation of 21 U.S.C. § 853. The defendant filed a motion to suppress, Filing No. 18. The magistrate judge conducted hearings on November 7, and December 27, 2013. Thereafter, the magistrate judge recommended that the motion to suppress be denied. Filing Nos. 42, 45 and 48. The magistrate judge further appointed Mike Hansen as stand-by counsel for purposes of trial. Pursuant to 28 U.S.C. § 636(b)(1)(A), this court conducts a de novo review of the magistrate judge's findings to which the defendant objects. *United States v. Lothridge*, 324 F.3d 599, 600-01 (8th Cir. 2003). The court reviewed the entire record and concludes that the F&R of the magistrate judge is adopted and the objections of the defendant are overruled.

**BACKGROUND**

On or about October 3, 2012, the Lincoln Police received a tip from a manager of an apartment building that a package with marijuana had been delivered there to an address belonging to defendant Kienan Dietrich. Two investigators went to the complex and asked the manager to notify Dietrich that a package had arrived. Mr. Dietrich came and took possession of the package, and thereafter, the officers arrested him. The officers searched Dietrich and found two phones in his pocket. Two additional narcotic officers arrived and waited for a cruiser to transport the defendant to jail. Dietrich asked the officers if he could make a phone call to his lawyer and to his mother, and he was told he could do so when he reached the precinct. The officers did not want him to use his cell phones. Likewise, the defendant said he might be interested in cooperating, and the officers again told him to wait until he arrived at the jail. During booking, Dietrich asked to speak to the officers. They entered an interview room and read Dietrich his *Miranda* rights. He waived his rights in writing. The officers asked if they could search his apartment without a search warrant. The officers explained that if they applied and received a search warrant, and if they did not have a key, pursuant to procedure, they would use force to enter his home. He signed the consent form. The officers also asked to search his cell phones, stating that if they could search them now the phones might be returned sooner, although it was not up to them to decide how soon that happened. Mr. Dietrich signed that consent form also. Incriminating evidence was discovered during the search of his home.

In his motion to suppress, the defendant contends that he was denied his right to counsel during the pre-indictment matters in this case. See *Miranda v. Arizona*, 384

U.S. 436, 444 (1966). He also argues that the search of his residence and phones were coerced via promises and threats. He contends that he asked on several occasions for an attorney. He was not permitted to contact one. Further, he argues he did not willingly give consent to search his house or his phones. With regard to his house, he asserts the officers scared him and told him they would leave his door open if they had to break into the apartment. With regard to his phones, he alleges he was told that he would get them back within a week or so if he consented, and he would not get them back for about nine months absent consent.

The magistrate judge found Dietrich was alert, cooperative, responsive, and not under the influence of alcohol. She also found Dietrich was not coerced nor were weapons displayed and Dietrich understood and waived his rights to an attorney.

## DISCUSSION

### A. Miranda

When a suspect is interrogated in a custodial setting, the police must advise him of his right not to answer questions and to have an attorney present during questioning. *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). The clearest example of custody is when a suspect is placed under formal arrest, but, absent a formal arrest, the police must give *Miranda* warnings when the suspect's freedom of movement is restricted to a degree akin to a formal arrest. *California v. Beheler*, 463 U.S. 1121, 1125 (1983) (per curiam); *United States v. Ollie,* 442 F.3d 1135, 1137 (8th Cir. 2006); *United States v. LeBrun*, 363 F.3d 715, 720 (8th Cir. 2004) (en banc); *United States v. Wise*, 588 F.3d 531, 536 (8th Cir. 2009). A suspect is entitled to these warnings prior to undergoing a custodial interrogation—"when an officer's interaction with the suspect is 'likely to elicit

3

an incriminating response.'" *Wise*, 588 F.3d at 536 (quoting *United States v. Torres-Lona*, 491 F.3d 750, 757 (8th Cir. 2007)). An "interrogation occurs when a law enforcement officer engages in 'either express questioning or its functional equivalent.'" *United States v. Aldridge*, 664 F.3d 705, 711 (8th Cir. 2011) (quoting *United States v. Hernandez–Mendoza*, 600 F.3d 971, 976–77 (8th Cir. 2010). "[W]ithout proper safeguards the process of in-custody interrogation of persons suspected or accused of crime contains inherently compelling pressures which work to undermine the individual's will to resist and to compel him to speak where he would not otherwise do so freely." *Miranda*, 384 U.S. at 467.

"'A statement is involuntary when it was extracted by threats, violence, or express or implied promises sufficient to overbear the defendant's will and critically impair his capacity for self-determination.'" *LeBrun*, 363 F.3d at 724 (quoting *Simmons v. Bowersox*, 235 F.3d 1124, 1132 (8th Cir. 2001)). Whether a confession is involuntary is judged by the totality of the circumstances. *LeBrun*, 363 F.3d at 724. "The court must look at the 'conduct of the officers and the characteristics of the accused.'" *Id.* (quoting *Wilson v. Lawrence County,* 260 F.3d 946, 952 (8th Cir. 2001)). The government bears the burden of persuasion and must prove by a preponderance of the evidence that the challenged statements were voluntary. *LeBrun*, 363 F.3d at 724; *United States v. Astello*, 241 F.3d 965, 966 (8th Cir. 2001).

The court finds the officers in this case complied with the *Miranda* requirements. The officers counseled the defendant not to speak to them until he was taken to the precinct. Any statements made before that time were voluntary and initiated by the defendant. Subsequently, while at the precinct, the officers read him his *Miranda* rights

and the defendant signed his *Miranda* form waiving his rights to counsel. Filing No. 34-1, Ex. 1. Thereafter, the officers interviewed the defendant. It is true that the defendant first asked for his cell phone to call his mother and his attorney. However, after being told to wait until they arrived at the precinct, the defendant asked the investigators if he could talk to them about the charge. He then received his *Miranda* rights and waived the same. The court finds that there is no *Miranda* violation under these circumstances.

### B. Consent to Search

"Even when police officers have neither probable cause nor a warrant, they may search an area if they obtain a voluntary consent from someone possessing adequate authority over the area." *United States v. Chaidez*, 906 F.2d 377, 380 (8th Cir. 1990). "A voluntary consent need not amount to a waiver; consent can be voluntary without being an intentional relinquishment or abandonment of a known right or privilege." *Id*. "Rather, the proper test is whether the totality of the circumstances demonstrates that a consent was voluntary." *Id*. The Eighth Circuit in *Chaidez* stated:

> The following characteristics of persons giving consent are relevant when assessing the voluntariness of their consent: (1) their age; (2) their general intelligence and education; (3) whether they were intoxicated or under the influence of drugs when consenting; (4) whether they consented after being informed of their right to withhold consent or of their *Miranda* rights; and (5) whether, because they had been previously arrested, they were aware of the protections afforded to suspected criminals in the legal system.
>
> In examining the environment in which consent was given, courts should ask whether the person who consented: (1) was detained and questioned for a long or short time; (2) was threatened, physically intimidated or punished by the police; (3) relied on promises or misrepresentations made by the police; (4) was in custody or under arrest when the consent was given; (5) was in a public or secluded places; or (6) either objected to the search or stood by silently while the search occurred.

*Chaidez*, 906 F.2d at 380-381 (citations omitted). A search conducted pursuant to valid consent does not violate the Fourth Amendment. *United States v. Goodrich,* — F.3d —, 2014 WL 67753 *3 (8th Cir. 2014).

"An individual may validly consent to an otherwise impermissible search if, in the totality of the circumstances, consent is freely and voluntarily given, and not the product of implicit or explicit coercion." *United States v. Castellanos*, 518 F.3d 965, 969 (8th Cir. 2008) (citation and internal quotation marks omitted). "The government has the burden of proving by a preponderance of the evidence that a subject's alleged consent to a search was legally sufficient to warrant admitting the fruits of the search into evidence." *United States v. Cedano-Medina,* 366 F.3d 682, 684 (8th Cir. 2004).

The magistrate judge determined that the defendant is a young man, is intelligent, was not intoxicated or under the influence, did not act agitated, was in custody when the representations were given, was at the precinct when consent was given, was not under any duress or coercion, did not object to the search of either his phones or his home, and that he signed the consent forms of his own free will. The magistrate judge further found that the interview only lasted about 15 minutes. The court agrees with these findings.

The court also finds that defendant was induced to cooperate, but there was no unreasonable coercion or duress caused by the investigators. *See United States v. Collins*, 699 F.3d 1039, 1043 (8th Cir. 2012) ("While Stoekel was clearly induced to cooperate, there was no unreasonable coercion."). Defendant agreed to the searches, signed the consent form, and did so of his own free will. There is no evidence of coercion or duress that that rises to a constitutional level. When the court views the

6

totality of the circumstances, it is clear the consent was freely given and not a product of unlawful duress or coercion.

THEREFORE, IT IS ORDERED THAT:

1. The defendant's motion to suppress, Filing No. 18, is denied;

2. The defendant's objections, Filing No. 51, are overruled; and

3. The findings and recommendations of the magistrate judge, Filing Nos. 45 and 48, are adopted.

Dated this 30th day of January, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge